

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

May 19, 2020

**Via ECF**
The Honorable Judge Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Mejia v. 561 Straight Path Grocery, Inc., et al.**
      **19-CV-1292 (KNF)**

Dear Judge Fox:

      We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1.

      Plaintiff alleged that he was a former employee of Defendants for approximately two years. Plaintiff further alleged that he was not paid proper overtime wages when he worked in excess of forty (40) hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff also alleged that he was not provided proper wage notices and wage statements under the NYLL. Although Plaintiff was confident that he could succeed on all of his claims, he believed that settlement was in his best interests in light of the defenses raised by Defendants. Furthermore, Defendants provided certain financial documents that raised concerns as to whether Plaintiff would be able to collect on a larger judgment should he have prevailed at trial.

**The Settlement Terms and Request for Attorneys' Fees**

      The parties agreed to settle all claims asserted in this matter for $24,000.00. Pursuant to the Settlement Agreement, Plaintiff will recover a total amount of $15,389.00 after attorneys' fees and expenses as a result of the settlement.

Plaintiffs' counsel respectfully requests one-third of the settlement amount (less expenses) in attorneys' fees, or $7,694.00, as agreed upon in the Plaintiffs' retainer agreements with this firm.

Plaintiffs' counsel respectfully additionally requests $917.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services ($510.00), and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiffs' counsel, including reimbursement of expenses, is $8,611.00.

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks* at 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Here, bona fide disputes existed as to the dates of Plaintiffs' employment, the hours worked by Plaintiffs and the pay received by Plaintiffs.

Lastly, the Settlement Agreement has been drafted by experienced counsel and does contain any terms that would preclude approval such as a confidentiality clause or a broad release outside of the wage-and-hour claims asserted in the Complaint.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

_/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.